**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Robert Alan Bock, | ) | NO. 20-13866 |
|     Debtor | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Judge LaShonda A. Hunt |

**NOTICE OF MOTION**

TO:   See Attached Certificate of Service

PLEASE TAKE NOTICE that on January 14, 2020, at 11:00 a.m., I will appear telephonically before the Honorable LaShonda A. Hunt, or any judge sitting her place, and present the motion of FIRST INTERIM FEE PETITION FOR COUNSEL OF THE DEBTOR, a copy of which is attached.

**This motion will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—Toll Free Number: 1-888-557-8511; Access Code: 7490911.**

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

BY:   /S/ PENELOPE N. BACH
BACH LAW OFFICES, INC.
COUNSEL FOR DEBTOR
P.O. BOX 1285
NORTHBROOK, IL 60062
PHONE: (847) 564-0808
ATTORNEY NO: 6284659
PHONE: (847) 564-0808

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | |
| Robert Alan Bock, ) | NO. 20-13866 |
| Debtor ) | |
| ) | Chapter 11 |
| ) | |
| ) | Honorable Judge LaShonda A. Hunt |

**FIRST INTERIM FEE PETITION OF COUNSEL FOR THE DEBTOR**

The law firm of BACH LAW OFFICES, INC ("BLO"), counsel for the Debtor, Robert Alan Bock ("Debtor") applies to this court for an order approving the payment of attorney fees to BLO in the amount of $26,350.00 and of costs in the amount of $719.72 and in support thereof states as follows:

**I.    Narrative Summary**

Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on July 13, 2020. Debtor has managed his financial affairs as Debtor-in-Possession since the inception of this reorganization case.

On August 6, 2020, this Court entered an order approving retention of counsel (Paul M. Bach and Penelope N. Bach) effective July 13, 2020 for the Debtor. The initial retainer was paid in the amount of $9,500.00 including the filing fee of $1,717.00. $3,485.00.00 was paid for pre-petition work performed and $1,717.00 was paid for the filing fee. Due diligence requirements and costs were covered as a courtesy by Bach Law Offices, Inc. This leaves a retainer of $4,298.00.

This is BLO's first fee petition.

2

**Case Status**

Debtor has been operating as a Debtor in possession since the inception of the case. Debtor has prepared and filed all Summary of Cash Receipts and Disbursements that have come due to date. As is further described below, the Debtor has been active in reshaping his financial health through appropriate remedies provided by the Bankruptcy Code and filed his Plan of Reorganization on 10/13/2020 which unfortunately does not appear to be consensual at this time.

## II. Description of the Fee Petition

A. General Information. Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The Primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor was reasonable, actual and necessary. BLO has provided accurate and detailed records of the services that were made contemporaneously with the services performed. In Re Chicago Lutheran Hospital Association, 89 B.R. 719 (Bkrtcy.N.D.Ill.1988); In re Wildman, 72 B.R. 700 (Bkrtcy.N.D.Ill.1987). The Statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. Hensley vs. Eckerhart, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct.1933(1983); In re Temple Retirement Community, Inc., 97 B.R. 333 (Bkrtcy.W.D.Tex.1989); In re Wildman, 72 B.R. 700 (Bkrtcy.N.D. Ill 1987).

B. Billing Entries. BLO used computerized time and billing software in the preparation of fee petition, which was then converted to Excel and Word formats for filing this Motion. This fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It

contains a statement explaining the significance of the activity as well as the purpose necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems that arose in the case and the manner in which it was addressed. In re Wildman, 72 B.R. 700 (Bkrtcy.N.D.1987).

C. Hourly Charges: BLO charge all clients, including for non-bankruptcy matters, $425.00 per hour for Paul M. Bach (PMB) and $425.00 per hour for Penelope N. Bach (PNB).

D. BLO deems simple data entry, follow-up phone calls by staff as office overhead and therefore, these charges do not appear on the attached accounting. Any office overhead performed by BLO attorney was not billed or included in this accounting.

## IV. Project Summary

From July 13, 2020 to December 15, 2020, Debtor has incurred 62 hours of attorney time totalling $26,350.00 in fees at BLO's customary fee rates and expenses in the amount of $719.72.

Attached hereto is a detailed, chronological description by category of the services performed on behalf of Debtor during the relevant time period. The billing rates for each attorney are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

    A.    Automatic Stay and Adequate Protection

The activities in this category relate to protecting the estate against demands that violated the automatic stay and requests for Adequate Protection. The benefits of these services to the Debtor and his estate was both economic and non-economic. The economic benefits resulted in protecting the Debtor, the estate and creditors. The remainder of the services was of non-economic

benefit to the Debtor and his estate by promoting the bankruptcy process and the smooth administration of the case.

An itemized breakdown of the services rendered to the Debtor for this category is attached as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Paul M. Bach | 0.00 | $425.00 | $ 0.00 |
| Penelope N. Bach | 2.20 | $425.00 | $ 935.00 |
| Total | 2.20 | $425.00 | $ 935.00 |

B. Case Administration

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such as reviewing monthly operating reports, communicating with the United States Trustee's office and the Sub-Chapter V Trustee, bringing motions related to the administration of the estate, appearing at creditors meetings and advising the Debtor about his operation as Debtors in possession. The benefits of these services to the Debtor and his estate was both economic and non-economic. The economic benefits resulted in the Debtor being able to proceed with his case. The remainder of the services was of non-economic benefit to the Debtor and his estate by promoting the bankruptcy process and the smooth administration of the case.

An itemized breakdown of the services rendered to the Debtor for this category is attached as Exhibit B. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Paul M. Bach | 5.30 | $425.00 | $ 2,252.50 |
| Penelope N. Bach | 28.0 | $425.00 | $11,900.00 |
| Total | 33.3 | $425.00 | $14,152.50 |

C. Plan

Debtor has filed a plan to maximize distribution to creditors. The services resulted in a future economic benefit to Debtor's estates by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of his personal creditors. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor for this category is attached as Exhibit C. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Paul M. Bach | 0.00 | $425.00 | $ 0.00 |
| Penelope N. Bach | 9.90 | $425.00 | $ 4,207.50 |
| Total | 9.90 | $425.00 | $ 4,207.50 |

D. Claims Administration and Objections

The activities in the claims category are those activities connected with claims against the Debtor. This category also includes handling claims of creditors and objections to those claims. The services benefited the estate on an economic basis by facilitating Debtor's ability to properly assess claims against the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor for this category is attached as Exhibit D. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Paul M. Bach | 0.00 | $425.00 | $ 0.00 |
| Penelope N. Bach | 13.8 | $425.00 | $ 5,865.00 |
| Total | 13.8 | $425.00 | $ 5,865.00 |

E. Employment and Fee Applications

The activities under this category relate to employment of Counsel, Accountant and any other professional required to maintain the Bankruptcy Estates. This Category also includes any fee application for any employed professional as required by Bankruptcy Rules.

An itemized breakdown of the services rendered to the Debtor for this category is attached as Exhibit E. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Paul M. Bach | 0.80 | $425.00 | $ 340.00 |
| Penelope N. Bach | 1.70 | $425.00 | $ 722.50 |
| Total | 2.80 | $425.00 | $ 1,190.00 |

F. Costs and Expenditures

BLO seek reimbursement of $719.72 as expenses incurred during their representation of the Debtors to date. Expenses were incurred for the following items: Postage charges and copying (Motions or other large projects only). Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel. These expenses were necessary to accomplish the proper representation of the Debtor.

An itemized breakdown of the services rendered to the Debtors for this category is attached as Exhibit F.

**Total Costs**                                                                 **$ 719.52**

A general breakdown of the entire project for attorney fees is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Paul M. Bach | 6.10 | $425.00 | $ 2,592.50 |
| Penelope N. Bach | 55.9 | $425.00 | $23,757.50 |
| Total Attorney Fees | 62.0 | $425.00 | $26,350.00 |
| Total Costs | | | $    719.72 |
| **Total** | | | **$ 27,069.72** |

### V. Certification

BLO certifies that it served a copy of the chronological itemization of services provided to the Debtor on December 16, 2020. To date, Debtor has not objected to the fees incurred.

### VI Section 330(a) of the Bankruptcy Code

Section 330(a) of the Bankruptcy Code provides:

> (a) After notice to any parties in interest and to the United States Trustee and hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the Debtor's attorney –
>
> > (1) Reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
> > (2) Reimbursement for actual, necessary expenses.

The Bankruptcy Court has independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. In re Spanjer Brothers, Inc., 203 B.R. 85 (Bkrtcy. N.D.Ill. 1996); In re Pettibone Corporation, 74 B.R. 293 (Bkrtcy.N.D.Ill 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. In re Spanjer Brothers, Inc., 203 B.R. 85, 89 (Bkrcy.N.D.1996); In Re Chicago Lutheran Hospital Association, 89 B.R. 719 (Bkrtcy.N.D.Ill.1988); In re Pettibone Corporation, 74 B.R. 293 (Bkrtcy.N.D.1987).

The representation of the Debtor adequately corresponds with the time and labor expended by BLO. The various issues involved required experienced bankruptcy counsel. Due to the substantial time expended on behalf of the Debtor, BLO was precluded from accepting cases requiring extensive representation during the initial phase of the case. BLO was able to accomplish a great deal directed towards aiding the Debtor in his reorganization efforts and the

Case 20-13866    Doc 129    Filed 12/16/20    Entered 12/16/20 17:55:34    Desc Main
Document      Page 9 of 9

preparation and proposal of a plan supported. The amounts are fair and reasonable. This court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VII. Notice

Pursuant to 2002(a)(6) of the Bankruptcy Rules, the Debtor must give twenty-one (21) days' notice to all creditors and parties in interest of a motion requesting compensation.

### VIII. Conclusion

WHEREFORE Bach Law Offices request that this court enter an Order:

A. Determining that the legal services and fees incurred were necessary and reasonable;

B. Allowing initial compensation in the amount of $26,350.00

C. Allowing reimbursement of expenses in the amount of $719.72

D. Permitting BLO to apply the retainer in hand in the amount of $4,298.00; and

E. Granting such other and further relief as the court may deem just and proper.

Respectively Submitted,

By: /s/ Penelope N. Bach

Paul M. Bach, Esq.
Penelope N. Bach, Esq.
Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60062
Phone: (847) 564 0808
Email:  paul@bachoffices.com